| | | |
|---|---|---|
| 1 | **SETAREH LAW GROUP** | **MARLIN & SALTZMAN** |
| 2 | Shaun Setareh, Esq. (SBN 204514) | Stanley D. Saltzman, Esq. (SBN 90058) |
| | Thomas Segal, Esq. (SBN 222791) | Karen I. Gold, Esq. (SBN 258360) |
| 3 | 9665 Wilshire Blvd., Suite 430 | 29800 Agoura Road, Suite 210 |
| 4 | Beverly Hills, California 90212 | Agoura Hills, California 91301 |
| | Telephone: (310)888-7771 | Telephone: (818) 991-8080 |
| 5 | Facsimile: (310)888-0109 | Facsimile: (818) 991-8081 |
| 6 | thomas@setarehlaw.com | ssaltzman@marlinsaltzman.com |
| | shaun@setarehlaw.com | kgold@marlinsaltzman.com |
| 7 | | |

8   *Attorneys for Proposed Plaintiff-in-*
9   *Intervention, John Utne, individually*
    *and on behalf of all others similarly*
10  *situated and aggrieved*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Case No. 19-cv-01766-AJB-AGS | Related cases: |
| | Case No. 19-cv-01766-AJB-AGS |
| DONNIE SANCHEZ BARRAGAN, | Case No. 20-cv-02541-AJB-AGS |
| ARACELI BARRAGAN, and | Case No. 21-cv-00461-AJB-AGS |
| JEREMEY BURCHAM, individually | Case No. 21-cv-00462-AJB-AGS |
| and on behalf of others similarly | Case No. 22-cv-00276-AJB-AGS |
| situated, | |
| | Assigned to: Anthony J. Battaglia |
| Plaintiffs, | Magistrate Judge: Andrew G. Schopler |
| vs. | |
| | **NOTICE OF MOTION AND** |
| HOME DEPOT U.S.A., INC., a | **MOTION TO INTERVENE, FOR** |
| Delaware Corporation, | **APPOINTMENT OF INTERIM** |
| | **CLASS COUNSEL AND** |
| Defendant; | **TRANSFER AND/OR STAY** |
| | **ACTION; MEMORANDUM OF** |
| JOHN UTNE, individually and on | **POINTS AND AUTHORITIES** |
| behalf of all others similarly situated | |
| and aggrieved, | [Filed concurrently with the |
| | Declarations of Shaun Setareh and |
| Intervenor. | Stanley D. Saltzman; Request for |
| | Judicial Notice and [Proposed] Order] |

i
NOTICE OF MOTION AND MOTION TO INTERVENE

| Case No. 20-cv-02541-AJB-AGS | Date: | June 16, 2022 |
|---|---|---|
| | Time: | 2:00 p.m. |
| LISA DAVEY, individually and on behalf of all others similarly situated, | Courtroom: | 4A |
| | Judge: | Anthony J. Battaglia |
| Plaintiff, | | |
| vs. | | |
| HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 50, inclusive, | | |
| Defendants; | | |
| JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved, | | |
| Intervenor. | | |

| Case No. 21-cv-00461-AJB-AGS | |
|---|---|
| JANELLY SANDOVAL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| vs. | |
| HOME DEPOT U.S.A., INC., a Delaware corporation and DOES 1 through 50, inclusive, | |
| Defendant; | |
| JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved, | |
| Intervenor. | |

ii
NOTICE OF MOTION AND MOTION TO INTERVENE

| Case No. 21-cv-00462-AJB-AGS | |
|---|---|
| VIRGIE FLORES, as individuals and on behalf of others similarly situated | |
| Plaintiff, | |
| v. | |
| HOME DEPOT U.S.A., INC., a Delaware limited liability company, and DOES 1-50, inclusive, | |
| Defendants; | |
| JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved, | |
| Intervenor. | |
| Case No. 22-cv-00276-AJB-AGS | |
| NYIESHA WHITE, on behalf of herself and others similarly situated, | |
| Plaintiff, | |
| v. | |
| HOME DEPOT U.S.A., INC., and DOES 1 to 100, inclusive, | |
| Defendants; | |
| JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved, | |
| Intervenor. | |

NOTICE OF MOTION AND MOTION TO INTERVENE

<u>**NOTICE OF MOTION AND MOTION**</u>

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

 NOTICE IS HEREBY GIVEN that on June 16, 2022, at 2:00 p.m., or as soon thereafter as the Court and parties are available, proposed plaintiff in intervention John Utne ("**Mr. Utne**") will and hereby does move the Court for an order: (1) permitting him to intervene on behalf of a certified class of apprivimately 140,000 people in each of the above-captioned cases pursuant to Federal Rule of Civil Procedure 24, (2) appointing his counsel as interim lead counsel in each of the above-captioned actions pursuant to Federal Rule of Civil Procedure 23(g) with respect to any claim(s) that overlap in any way with the certified claims in the Utne Action, and (3) staying, or in the alternative, transfering each of the above-captioned actions to the Northern District of California under the Court's inherent powers and/or the First-to-File Rule.

 Mr. Utne seeks this relief based on the following facts:

**<u>The First-Filed Utne Action</u>**

 1. On March 8, 2016, Mr. Utne filed a lawsuit against Home Depot U.S.A., Inc. ("**Home Depot**"), alleging causes of action for: (1) failure to pay hourly wages (Labor Code §§223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (2) failure to provide accurate wage statements (Labor Code § 226(a)); (3) failure to timely pay all final wages (Labor Code § 201-203); and (4) unfair competition (Business & Professions Code § 17200, *et seq.*). RJN, Exs. A & C.

 2. On September 19, 2017, Mr. Utne filed his operative Third Amended Complaint in the Utne Action, adding a cause of action for civil penalties under Labor Code § 2698, *et seq.* RJN, Ex. F.

 3. On March 20, 2018, the District Court for the Northern District of California, the Honorable Richard Seeborg, certified two classes in the Utne Action, one of which includes: "***all individuals employed by Home***

***Depot in hourly-paid or non-exempt positions in California since March 8, 2012***." RJN, Ex. D.

4. Mr. Utne's damages expert calculated damages, penalties and interest in the Utne Action at nearly two billion dollars ($2,000,000,000).

5. Trial in the Utne Action is set for July 25, 2022.

**The Subsequently-Filed Consolidated Actions**

6. On August 12, 2019, plaintiffs Donnie Sanchez Barragan and Araceli Barragan filed a complaint against Home Depot. *See* S.D. Cal., Case No. 19-cv-01766-AJB-AGS ("**Barragan Action**").

7. On January 31, 2020, plaintiff Janelly Sandoval filed a complaint against Home Depot. *See* S.D. Cal., Case No. 21-cv-00461-AJB-AGS ("**Sandoval Action**").

8. On June 9, 2020, plaintiff Lisa Davey filed a complaint against Home Depot. *See* S.D. Cal., Case No. 20-cv-02541-AJB-AGS ("**Davey Action**").

9. On June 23, 2020, plaintiff Virgie Flores filed a complaint against Home Depot. *See* S.D. Cal., Case No. 21-cv-00462-AJB-AGS ("**Flores Action**").

10. On March 26, 2021, Home Depot filed a Notice of Related Cases, seeking to deem the Barragan, Sandoval, Davey, and Flores Actions related to one another. Barragan Action, Doc. No. 50. ***Home Depot did not identify the Utne Action in this filing.*** RJN, Ex. H.

11. On October 6, 2021, Home Depot filed a Motion to Consolidate the Barragan, Sandoval, Davey, and Flores Actions. Barragan Action. RJN, Ex. J.  Home Depot argued "[t]he four Related Cases involve similar legal issues, similar underlying facts, similar putative classes, and the same Defendant – Home Depot." *Id.*, at 7:13-14. ***Home Depot did not identify the Utne Action in this filing.*** *See id.*

12. On November 3, 2021, this Court issued an order consolidating these actions, and holding that all four cases "involve similar factual and legal issues surrounding the same alleged misconduct by Home Depot between October 2015 and March 2020." RJN, Ex. K, at 4:20-24.

**The White Action**

13. On August 23, 2021, plaintiff Nyiesha White filed a complaint against Home Depot. *See* S.D. Cal., Case No. 22-cv-00276-AJB-AGS ("**White Action**"). RJN, Ex. I.

14. In its January 19, 2022, Motion to Dismiss, Stay or Transfer Based on the First-to File Rule, Home Depot represented to this Court that "***the White Action alleges substantially similar claims [as the Consolidated Actions] on behalf of substantially similar putative classes against the same defendant, Home Depot***." RJN, Ex. L, at 7:22-24.  Home Depot further argued: ***"[White's] copy-cat putative class action alleges claims that substantially are identical to those asserted in the Barragan, Davey, Sandoval, and Flores Consolidated Actions*.**" *Id.*, at 10:22-25. ***Home Depot did not identify the Utne Action in this filing.*** *See id.*

15. The White Action and the Utne Action ***are based on the same facts and legal theories, and involve the same or substantially the same parties***.

**The Upcoming Mediation**

16. According to a document filed with this Court, Home Depot is scheduled to mediate the Consolidated Actions on May 10, 2022. RJN, Ex. N, at p. 5.

17. Upon learning of this fact, Mr. Utne's counsel asked Home Depot's counsel if Home Depot would stipulate to carve out the certified claims pending in the Utne Action from the upcoming mediation. Setareh Decl., ¶ 48, Ex. 6. ***Home Depot and its counsel refused to so stipulate, and instead indicated Home Depot's intent to settle certified class***

1         *action claims that are scheduled to go to trial in July of this year in*

2         *the Northern District of California in the Utne Action at the upcoming*

3         *mediation in the Consolidated Actions*. *Id.*, ¶ 49, Ex. 7.

4         As set forth in detail in the concurrently filed Declaration of Shaun Setareh,

5 the parties met-and-conferred in writing and telephonically in an effort to resolve this

6 issue without involving the Court, but were unable to reach an adequate resolution.

7         This motion is based on this Notice of Motion and Motion, the accompanying

8 Memorandum of Points and Authorities, the Proposed Complaint in Intervention, the

9 Declaration of Shaun Setareh ("Setareh Decl."), the Declaration of Stanley D.

10 Saltzman ("Saltzman Decl."), the Request for Judicial Notice, the pleadings and

11 papers on file in each of the above-captioned matters and in the Utne v. Home Depot

12 matter, and any further material and argument presented to the Court at the time of

13 any hearing.

14

15 Dated: April 13, 2022         **SETAREH LAW GROUP**
                            **MARLIN & SALTZMAN LLP**

16

17                         By:  s/ Stanley D. Saltzman_____

18

19                         *Attorneys for Proposed Plaintiff-in-*
                        *Intervention, John Utne, individually and on*

20                         *behalf of all others similarly situated and aggrieved*

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................. 1

II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY ...................... 2

    A.   The *Utne* Action ............................................................... 2

    B.   The Consolidated Actions ................................................. 5

    C.   The *White* Action ............................................................. 7

    D.   The Parties' Meet-and-Confer Efforts ......................................... 10

III.    APPLICABLE LEGAL STANDARD ......................................................... 12

IV.     ANALYSIS ......................................................................................... 12

    A.   Mr. Utne is Entitled to Intervene Under Rule 24(a) ..................... 12

       1.   The Motion to Intervene is Timely ............................................. 13

       2.   The Certified Class in the Utne Action Has a Significant Protectable Interest Relating to the Subject of the Consolidated Actions and White Action ............................................... 14

       3.   Disposition of the Consolidated Actions and the *White* Action Will Impair Mr. Utne's Ability to Protect the Interests of the Certified Class He Represents ......................................... 15

       4.   The Interests of the Class in the Utne Action Will Not be Adequately Represented by the Existing Parties ......................................... 16

    B.   Mr. Utne Should Also be Permitted to Intervene Under Rule 24 (b) on Behalf of the Certified Class He Represents ................................ 17

    C.   Mr. Utne's Counsel Should be Appointed as Interim Class Counsel for Any Claims that Overlap with the Utne Action ................................ 18

    D.   The White Action and the Consolidated Actions Should be Stayed – Including for Purposes of Settlement – Pending Resolution of the Utne Action, or in the Alternative, Transferred to the Northern District of California ................................................................ 20

    E.   Practical Considerations Mandate the Relief Sought .................... 23

V.      CONCLUSION ................................................................................... 25

# TABLE OF AUTHORITIES

**CASES**

*Arakaki v. Cayetano*,
    324 F.3d 1078 (9th Cir. 2003) ........................................................... 12

*California Dept. of Toxic Substances Control v. Commercial Realty Projects*,
    309 F.3d 1113 (9th Cir.2002) ...................................................... 13, 14

*California ex rel Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006) ............................................................ 12

*California v. Tahoe Reg'l Planning Agency*,
    792 F.2d 775 (9th Cir.1986) ............................................................. 16

*County of Orange v. Air California*,
    799 F.2d 535 (9th Cir.1986) ............................................................. 13

*Dependable Component Supply Corp. v. Murata Manufacturing Co., Ltd.*,
    2018 WL 3388548  (N.D. Cal. 2018) ............................................... 19

*Deposit Guaranty National Bank v. Roper*,
    445 U.S. 326 (1980) ......................................................................... 12

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir.1998) ............................................................. 12

*Glass v. UBS Fin. Serv., Inc.*,
    2007 WL 474936 (N.D.Cal.  2007) ................................................. 13

*Hilsey v. General Mills, Inc.*,
    2021 WL 2290782 (S.D. Cal. 2021) ................................................ 12

*In re Novatel Wireless Sec. Litig.*,
    2014 WL 2858518 (S.D. Cal. 2014) ..................................... 12, 13, 14

*Lao v. H&M Hennes & Mauritz, L.P.*,
    2017 WL 4808814 (N.D. Cal. 2017) ............................................... 24

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir.1997) ........................................................... 13

*Smith v. Bayer*,
    131 S.Ct. 2368 (2011) ...................................................................... 19

*Sw. Ctr. for Biological Diversity v. Berg,*
   268 F.3d 810 (9th Cir.2001) ........................................................................... 12

*United States v. Carpenter,*
   298 F.3d 1122 (9th Cir.2002) ....................................................................... 13

*White v. TransUnion LLC,*
   239 F.R.D. 681 (C.D. Cal 2006) .................................................................. 19


**RULES**

Fed. R. Civ. Proc. 23(g)(1)(A).......................................................... 19, 20

Fed. R. Civ. Proc. 23(g)(3) ................................................................. 19

Fed. R. Civ. Proc. 24(b)...................................................................... 17

Fed. R. Civ. Proc. 24(b)(3) ................................................................ 18

## I.     INTRODUCTION

On March 30, 2018, the Honorable Richard Seeborg granted proposed plaintiff-in-intervention John Utne's motion for class certification in *Utne v. Home Depot U.S.A., Inc.*, N.D. Cal., Case No. 3:16-cv-01854 ("**Utne Action**"). In doing so, Judge Seeborg appointed Mr. Utne and his counsel as representatives of a class of approximately 140,000 people employed by Home Depot in California since 2012, who allegedly suffered damages as a result of Home Depot's employment practices.

Mr. Utne brings the current Motion to Intervene in an effort to protect the interests of the class he was charged with representing because ***the above-captioned consolidated and related actions pending before this Court pose an imminent and material threat to a substantial portion of nearly two billion dollars ($2,000,000,000) in damages, penalties, and interest at issue in the Utne Action, which is scheduled for trial in July 2022 in the Northern District of California.***

Specifically, and as explained in detail below, Mr. Utne recently became aware of a scheme orchestrated by defendant Home Depot U.S.A., Inc. ("**Home Depot**"), and it counsel, in an effort to absolve Home Depot of a significant portion of the damages, penalties and interest at issue in the certified Utne Action by:

(i) unduly delaying the Utne Action through various discovery abuses;

(ii) transferring several pending cases from various courts throughout California to the Southern District of California based on false and otherwise misleading statements made in court filings in which Home Depot failed to disclose the existence of the Utne Action to this Court in an effort to keep it separate from the other pending actions, even though the Utne Action is related to the pending cases, and was clearly the first filed case;

(iii) failing to file a Notice of Pendency of Other Action in the Utne Action in violation of the Civil Local Rules for the Northern District of California, again, to keep the Utne Action isolated from the other pending actions;

(iv) entering into an agreement to mediate four of the consolidated cases

pending in the Southern District of California on May 10, 2022;

(v) at which time Home Depot will attempt to settle out hundreds of millions of dollars in Labor Code section 203 and 226 penalties at issue in the Utne Action at an enormous discount, to the direct detriment of members of the certified class in the Utne Action.

**This is not conjecture**. When Mr. Utne discovered the existence of the consolidated and related cases pending in the Southern District of California, his counsel asked Home Depot's counsel to stipulate that Home Depot would not settle any certified claims of class members  currently pending in the Utne Action. Home Depot and its counsel refused. **Thus, it is clear that Home Depot's defiance of the Local Rules, and its misrepresentations made to this and other courts, were not inadvertent, but rather part of a concerted effort to take whatever steps are necessary to minimize the billions of dollars of exposure it faces in the Utne Action as a result of its alleged illegal labor and employment practices**.

Mr. Utne therefore respectfully requests this Court: (1) grant his motion to intervene in the consolidated and related actions currently pending before this Court, (2) appoint his counsel as interim lead counsel with respect to any claims that overlap with the certified claims in the Utne Action, and (3) stay the actions currently pending in the Southern District of California for all purposes (including settlement) pending resolution of the Utne Action, or alternatively, (4) transfer the consolidated and related actions to the Northern District of California, so that the Court where the real first-filed case was filed can properly oversee and coordinate these actions.

## II.      RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. The *Utne* Action

On March 8, 2016, Mr. Utne filed a class action lawsuit against Home Depot in the Superior Court for the County of Alameda, seeking to represent all individuals employed by Home Depot as hourly non-exempt employees who worked in a California store on or after March 8, 2012. *See Utne v. Home Depot*, Case No. 3:16-

NOTICE OF MOTION AND MOTION TO INTERVENE

cv-01854-RS (N.D. Cal.) ("*Utne* Action"), RJN, Ex. C. In his original complaint, Mr. Utne asserted four causes of action: (1) failure to pay hourly wages (Labor Code §§ 223, 510, 1194, 1197, 1997.1 and 1198), (2) failure to provide accurate written wage statements (Labor Code § 226(a)), (3) failure to timely pay all final wages (Labor Code § 203), and (4) Unfair Competition (Business & Professions Code § 17200, *et seq.*). *Id.* Mr. Utne filed his First Amended Complaint on April 7, 2016, adding a fifth cause of action under the Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, *et seq. Id.* Mr. Utne's claims are premised on three primary theories: (1) Home Depot employees were required to work off-the-clock prior to the start of each shift, (2) Home Depot employees were subject to unfair rounding claims,[1] and (3) Home Depot employees were locked-in the store after clocking out for the night while they waited for a manager to unlock the door. RJN, Ex. E.

Home Depot removed Mr. Utne's case to the Northern District of California on April 8, 2016. RJN, Ex. A. The operative Third Amended Complaint in the *Utne* Action includes the same five causes of action, all of which remain at issue following various dispositive motions filed by both sides. RJN, Ex. F.

On March 30, 2018, the Honorable Richard Seeborg certified two classes in the *Utne* Action: (1) "*[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in California at any time since March 8, 2012*," and (2) "[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in Home Depot stores in California at any time since March 8, 2012, *and who worked at least one shift ending after the time that the Home Depot store was scheduled to close to the public for the evening*." RJN, Ex. D, at 1:19-22 (emphasis added).

Mr. Utne and his counsel have been aggressively litigating the *Utne* Action *for over six years*, including, *inter alia*: (1) researching, drafting and filing the original complaint and the three subsequent amended complaints, (2) successfully defending

---

[1] This claim was previously dismissed on summary judgment. *See Utne* Action, Doc. No. 74, at. 10:8-9.

NOTICE OF MOTION AND MOTION TO INTERVENE

the complaint against various challenges to the pleadings, (3) sending out a Belaire West notice, (4) conducting and responding to comprehensive written discovery, (5) flying to Atlanta to take Home Depot's Rule 30(b)(6) witnesses' depositions, (6) interviewing dozens of putative class members and obtaining declarations from 47 of them in support of the motion for class certification, (7) drafting, filing and arguing the motion for class certification, (8) successfully defending against Home Depot's request for permission to appeal the class certification order in the Ninth Circuit, (9) successfully obtaining approval of the class notice, (10) overseeing distribution of the class notice to over 140,000 class members (of which only 16 opted out), (11) participating in Home Depot's efforts to depose 25 of the class members who submitted declarations in support of the motion for class certification, as well as Mr. Utne's deposition, (12) filing a motion for partial summary judgment, (13) opposing Home Depot's motion for partial summary judgment, (14) retaining and designating four expert witnesses, many of whom submitted multiple reports in the *Utne* Action, (15) hiring Dr. Jon Krosnick to perform a large-scale telephone survey to obtain critical data after Home Depot destroyed existing video evidence in this case, (16) successfully obtaining an adverse jury instruction against Home Depot for its destruction of evidence, (17) deposing Home Depot's four designated expert witnesses, (18) preparing for and defending Mr. Utne's four designated expert witnesses at their depositions, and (19) overseeing and handling countless other procedural and administrative matters. RJN, Ex. 1; Setareh Decl., ¶¶ 3-39.

To date, ***Mr. Utne and his counsel have incurred approximately three million dollars ($3,000,000) in out-of-pocket hard costs litigating the Utne Action***, much of which was incurred as a direct result of trying to reconcile massive deficiencies in Home Depot's time and pay records, as well as thousands of attorney and paralegal hours pursuing Mr. Utne's and the certified class' claims against Home Depot. Setareh Decl., ¶ 2; Saltzman Decl., ¶ 2.

/ / /

Mr. Utne's expert, Jon Krosnick, calculated **nearly two billion dollars ($2,000,000,000) in exposure by Home Depot in the Utne Action**, as follows:

| Category | Amount |
|---|---|
| Claim 1: Unpaid wages, liquidated damages and interest. (Labor Code §§ 223, 510, 1194, 1197, 1997.1 and 1198). | ~ $114,000,000 |
| Claim 2: Unpaid wages, liquidated damages and interest. (Labor Code §§ 223, 510, 1194, 1197, 1997.1 and 1198). | ~ $42,000,000 |
| Waiting time penalties under Labor Code § 203 (with interest): | ~ $287,000,000 |
| Paystub penalties under Labor Code : §226 (with interest) | ~ $93,500,000 |
| PAGA penalties: | ~ $1,436,000,000 |
| **Home Depot's total exposure in Utne Action:** | **~ $1,972,500,000** |

Setareh Decl., ¶¶ 36, Ex. 2.

The *Utne* Action is scheduled for trial in July of this year. Setareh Decl., ¶ 39. No further continuances of the trial date are anticipated. *Id.*

### B. The Consolidated Actions

Beginning in or around 2019 – **approximately three (3) years after the Utne Action was filed** – four other class action lawsuits were filed against Home Depot in various courts throughout California, alleging violations of California's Labor Code and related causes of action: (1) *Barragan v. Home Depot*, N.D. Cal., Case No. 19-cv-01766-AJB-AGS ("**Barragan Action**"); (2) *Davey v. Home Depot*, N.D. Cal., Case No. 20-cv-02541-AJB-AGS ("**Davey Action**"); (3) *Sandoval v. Home Depot*, N.D. Cal., Case No. 21-cv-00461-AJB-AGS ("**Sandoval Action**"); and (4) *Flores v. Home Depot*, N.D. Cal., Case No. 21-cv-00462-AJB-AGS ("**Flores Action**") (collectively, the "**Consolidated Actions**"). *See* RJN, Exs. H, J & K.

On October 6, 2021, in an effort to get all four of these cases to be deemed related and transferred to the Southern District of California, Home Depot argued to this Court that Barragan, Davey, Sandoval, and Flores: (i) "involve common questions of law and fact, and consolidation for the purposes of discovery and motion

5

practice will avoid unnecessary cost and delay for both the parties and the Court," (ii) "involve similar legal issues, similar underlying facts, similar putative classes, and the same Defendant – Home Depot," and (iii) "[a]ccordingly, discovery will involve many of the same facts, documents, and records, and involve depositions of many of the same witnesses." RJN, Ex. J, at pp. 3, 7, & 10.

On November 3, 2021, this Court granted Home Depot's motion to consolidate the Barragan, Davey, Sandoval, and Flores Actions, finding, *inter alia*: "[a]s Home Depot points out, all cases involve similar factual and legal issues surrounding the same alleged misconduct by Home Depot between October 2015 and March 2020", "… all four [c]ases involve named plaintiffs seeking to represent putative classes of current and former non-exempt Home Depot employees in California", and "Davey, Flores, and Sandoval allege wage statement and waiting time penalty claims, while these claims were also alleged in Barragan but were dismissed." RJN, Ex. K, at 4-5.

Critically, Home Depot never filed a Notice of Related Cases in any of the Consolidated Actions identifying the *Utne* Action, despite its obligation to do so under Rule 40.1 of the Civil Local Rules for the Southern District of California.[2] Nor

---

[2] S.D. Local Rule 40.1: "Notice of Related Case, Duties of Counsel. Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this ***or any other federal or State Court*** (whether pending, dismissed, or otherwise terminated), counsel ***must promptly file and serve on all known parties to each related action or proceeding*** a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies. The Clerk will promptly notify the Court of such filing. ***This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding.***"

"***Definition of Related Action***. An action or proceeding is related to another action or proceeding where both of them: (1) ***Involve some of the same parties and are based on the same or similar claims***…"

did Home Depot file a Notice of Pendency of Other Action in the *Utne* Action identifying the Consolidated Actions, even though it was required to under Rule 3-13 of the Civil Local Rules for the Northern District of California.[3] RJN, Ex. A.

On March 14, 2022, Home Depot and the plaintiffs in the Consolidated Actions filed a Joint Report in the *Barragan* Action to continue deadlines due to a mediation scheduled for May 10, 2022, explaining:

> "On January 25, 2022, counsel for each of the related cases participated in a conference call to discuss settlement and agreed to mediate the consolidated claims and to this end, agreed to stay all proceedings in all of the cases, including as to any further formal discovery and class certification. ***Mediation is set for May 10, 2022, with Michael Dickstein.***"

RJN, Ex. N, at 5:16-20.

As set forth in detail below, Mr. Utne and his counsel are informed and believe that ***Home Depot intends on settling out a significant portion of the damages and penalties asserted in the first-filed and long-certified Utne Action for pennies on the dollar at this May 10, 2022, mediation scheduled in the Consolidated Actions***. *See* Setareh Decl., ¶ 50.

### C. The *White* Action

On August 23, 2021, plaintiff Nyiesha White filed a class action complaint against Home Depot in the Superior Court of California for the County of Los Angeles, Case No. 21-ST-CV-31087. RJN, Ex. I. The Plaintiff in *White* pled causes of action for: (1) failure to pay wages for all hours worked in violation of Labor Code sections 1194 and 1197; (2) failure to pay overtime wages for daily overtime worked

---

[3] N.D. Local Rule 3-13: "Notice of Pendency of Other Action or Proceeding. (a) Notice. Whenever a party knows or learns that an action filed or removed to this district ***involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court***, the party ***must*** promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding."

in violation of Labor Code sections 510 and 1194; (3) failure to authorize or permit meal periods in violation of Labor Code sections 512 and 226.7; (4) failure to authorize or permit rest periods in violation of Labor Code section 226.7; (5) failure to timely pay earned wages during employment in violation of Labor Code section 204; (6) failure to provide complete and accurate wage statements in violation of Labor Code section 226; (7) failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of Labor Code sections 201, 202, and 203; and (8) unfair business practices, in violation of Business and Professions Code sections 17200, *et seq. Id.*

Critically, the substantive allegations made in the *White* Action are virtually identical to the closing shift allegations in the *Utne* Action. Specifically, the Plaintiff in the *White* Action alleged:

> "Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to, the following:
>
> (a) "Rounding" down or "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-in and clock-out, including at the beginning and ending of meal periods, to the nearest quarter of an hour, to the benefit of Defendants; and
>
> (b) Requiring Plaintiff and similarly situated employees who worked closing shifts to clock out for the end of their shift and, after clocking out, to gather at the front of Defendants' stores, wait for all other employees working the closing shift to also assemble at the front of the store, wait for Defendants' management to arm the store alarm system, and. then exit the store with all of the other closing shift employees into the parking lot prior be being relieved of all duty. Defendants' closing shift policy results in Plaintiff and similarly situated employees who

worked closing shifts being subject to the exercise and control and direction of the Defendants while off the clock."

RJN, Ex. I, at ¶ 15.

Thus, the factual allegations in the *White* Action are **identical** to two of the three factual basis for the claims asserted in the *Utne* Action: (i) Home Depot's rounding policy (dismissed by the *Utne* Court on summary adjudication), and (ii) Home Depot's practice of locking-in its employees after they clock-out for the evening when their shifts end after store closing. *See* RJN, Ex. F, at ¶¶ 33-38.

On or around November 5, 2021, Home Depot removed the *White* Action to the District Court for the Central District of California. RJN, Ex. B. On January 19, 2022, Home Depot filed a Motion to Dismiss, Stay, or Transfer Based on the First-to-File Rule ("Motion to Dismiss"). RJN, Ex. L. In its Motion to Dismiss, Home Depot first summarized the claims asserted in each of the pending Consolidated Actions and in the *White* Action, and then argued to this Court: "[a]s shown below, the *White* Action alleges substantially similar claims on behalf of substantially similar putative classes against the same defendant, Home Depot." *Id.*, at pp. 2-7.

Home Depot further argued:

> "Here, the Barragan, Davey, Sandoval, and Flores Consolidated Actions and the White Action **all involve Home Depot as a defendant**. Accordingly, the defendants are the same in all actions. The Consolidated Actions and the White Action **also involve a dispute between Home Depot and a putative class of nonexempt employees in California**. Finally, **classes and subclasses in the Consolidated Actions include Plaintiff White and the putative class she seeks to represent**."

*Id.*, at 10:14-21 (emphasis added).

Home Depot continued: ***"[t]he similarity of issues requirement is met because Plaintiff's copy-cat putative class action alleges claims that substantially are identical to those asserted in the Barragan, Davey, Sandoval, and Flores Consolidated Actions.***" *Id.*, at 10:23-25 (emphasis added). Critically, Home Depot's

9

Motion to Dismiss, Stay or Transfer the White Action Based on the First-to-File Rule *makes no mention of the Utne Action, despite the fact that the Utne Action was clearly filed years before any of the Consolidated Actions*. *See id.*.

On February 22, 2022, Home Depot and plaintiff Nyiesha White ("Ms. White") filed a Stipulation to Transfer and Vacate Hearing Date [for the Motion to Dismiss] ("White Stipulation"), in which Home Depot represented to this Court that "[o]n December 10, 2021, and in email communications thereafter, the parties met and conferred pursuant to Local Rule 7-3 to discuss the consolidated actions pending in the Southern District of California [,]… *and how the claims and putative classes in the Consolidated Actions overlapped those in this Action*." RJN, Ex. M (emphasis added). Shortly thereafter, the Court granted the White Stipulation, and transferred the *White* action from the Central District of California to this Court. *See id.*

Critically, *Home Depot never filed a Notice of Related Cases in the White Action identifying the Utne Action, despite the clear overlap between the two cases, and despite its obligation to do so under Rule 40.1 of the Civil Local Rules for the Southern District of California*Error! Bookmark not defined.. RJN, Ex. B. *Nor did Home Depot ever file a Notice of Pendency of Other Action or Proceeding in the Utne Action identifying the White Action, even though it was required to do so under Rule 3-13 of the Civil Local Rules for the Northern District of California*. RJN, Ex. A.

**D. The Parties' Meet-and-Confer Efforts**

Home Depot never informed Mr. Utne or his counsel of the existence of the Consolidated Actions or the White Action. Setareh Decl., ¶ 39.  Rather, Mr. Utne's counsel uncovered it on their own after Home Depot's counsel in the *Utne* Action suspected something was amiss. *See id.*

Upon independently learning of the existence of these other actions, on March 24, 2022, Mr. Utne's counsel met and conferred with Home Depot's counsel, asking why Home Depot never disclosed the *Utne* Action in any of the Consolidated Actions

NOTICE OF MOTION AND MOTION TO INTERVENE

or the *White* Action. Setareh Decl., ¶ 45, Ex. 3. Shortly thereafter, Mr. Utne's counsel and counsel for Home Depot in the *Utne* Action held a telephonic meet-and-confer conference. See *id.* ¶49, Ex. 7. During the meet-and-confer conference, the parties agreed that Mr. Utne's counsel would circulate a stipulation to Home Depot's counsel addressing the issues raised by Mr. Utne's counsel, and if Home Depot signed the stipulation agreeing not to settle out any of the claims pending in Mr. Utne's certified class action, the issue would become moot. *See id.*, at ¶ 48, Ex. 6.

Mr. Utne's counsel sent Home Depot's counsel in the *Utne* Action a proposed stipulation ***asking Home Depot to agree that it would not settle out any claims asserted on behalf of the certified class in the Utne Action***. *Id.*, at ¶ 48, Ex. 6. Home Depot ***declined to agree to this request***, and instead proposed as follows:

    a.    Home Depot will not enter into any settlement in these other actions that resolves claims on behalf of any existing member of the Utne class for failure to pay hourly wages for time allegedly spent waiting to exit Home Depot's stores following the end of their shift (see ECF No. 56 at ¶¶ 19-36) (Cal. Lab. Code §§ 223, 510, 1194, 1197 and 1198);[4] and

    b.    To the extent Home Depot executes a formal settlement agreement in any of these other cases, ***and to the extent such settlement releases any claims on behalf of employees who worked in Home Depot stores in California from 2012 to the present***, Home Depot will promptly notify class counsel in Utne of any such settlement, except to the extent the settlement reached is an individual settlement that resolves only the claims of the named plaintiffs in those other actions."

*Id.*, at 49. Ex. 7.

From this communication, it is clear that Home Depot intends on settling some or all of the certified claims asserted by Mr. Utne in the *Utne* Action at the upcoming May 10, 2022, mediation in the Consolidated Actions. *See id.*

---

[4] Critically, this offer does not include the related Labor Code section 203 and/or 226 penalities, which total approximately $500,000,000 in the Utne Action.

NOTICE OF MOTION AND MOTION TO INTERVENE

*///*

## III.   APPLICABLE LEGAL STANDARD

As the Ninth Circuit held, a proposed intervener "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006). District Courts have recognized that settlement of potentially overlapping claims provides such an interest. *See e.g., Hilsey v. General Mills, Inc.,* 2021 WL 2290782 *8 (S.D. Cal. 2021). Further, the U.S. Supreme Court has recognized the right of absent class members to intervene to protect their own interests. *See Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 331 (1980).

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure, which "traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), as amended (May 13, 2003), *citing Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998). Courts are guided primarily by practical and equitable considerations. *Id.* Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene as true absent sham, frivolity or other objections. *In re Novatel Wireless Sec. Litig.*, No. 08-CV-1689 AJB RBB, 2014 WL 2858518, at *2 (S.D. Cal. June 23, 2014), amended in part, No. 08-CV-1689 AJB RBB, 2014 WL 3341049 (S.D. Cal. July 8, 2014), *citing Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir.2001).

## IV.   ANALYSIS

### A. Mr. Utne is Entitled to Intervene Under Rule 24(a)

A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Arakaki*, 324 F.3d at

1083, *citing Donnelly*, 159 F.3d at 409. As set forth in detail below these four requirements are satisfied here, and thus Mr. Utne is entitled to intervene in the Consolidated Actions and the White Action as a matter of right. *See e.g. League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997).

### 1. The Motion to Intervene is Timely

In determining whether a motion for intervention is timely, the Ninth Circuit considers three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens*, 131 F.3d at 1302, *citing County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir.1986). In performing this analysis, the Court evaluates these factors in relation to the point at which the proposed intervener first had knowledge of the facts warranting intervention. *See e.g. In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *3, *citing Glass v. UBS Fin. Serv., Inc.*, 2007 WL 474936, at *3 (N.D.Cal. Jan. 17, 2007); *see also United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir.2002).

"While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, '[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.' *California Dept. of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1120 (9th Cir.2002) (internal citation omitted). Here, on March 14, 2022, Home Depot notified this Court that: "[t]he Parties submit that the [White] action should be coordinated or consolidated with the [] Consolidated Actions [and] [t]he Consolidated Actions are currently scheduled for mediation on May 10, 2022." RJN, Ex. N. Mr. Utne and his counsel: (i) first learned of this request for consolidation approximately two weeks later on or around March 24, 2022, (ii) immediately met-and-conferred with Home Depot's counsel and various plaintiffs' counsel, and (iii) upon learning that the meet-and-confer efforts would not adequately protect Mr. Utne or the certified class' interests, (iv) filed the

current Motion to Intervene on April 13, 2022. Under these circumstances, it cannot be said that there was any delay in seeking to intervene. *See* e.g. *In re Novatel Wireless Sec. Litig.*, 2014 WL 2858518, at *4-5, *citing California Dept. of Toxic Substances Control*, 309 F.3d at 1120 (holding that a five month delay by a pro se litigant did not constitute impermissible delay).

Moreover, no party will be prejudiced if intervention is permitted. To the contrary, intervention is required to prevent Home Depot from improperly benefitting from its own malfeasance. Home Depot knew that the *Utne* Action was the first filed, yet it repeatedly misrepresented to this Court that the Barragan Action was the first filed in an effort to combine the Consolidated Actions in the Southern District ***when they properly should have been sent to the Northern District under the first-to-file rule***. *See* RJN, Ex. L. In fact, to the best of Mr. Utne's counsel's knowledge, Home Depot never even informed this Court of the existence of the Utne Action. Setareh Decl., ¶ 39. Nor did Home Depot notify Mr. Utne or his counsel of the existence of the Consolidated Actions or the White Action, and instead, Mr. Utne's counsel discovered these actions on their own after becoming suspicious of Home Depot's counsel's conduct. *Id*. In doing so, Home Depot knowingly violated the Local Rules of the Southern and Northern Districts of California. N.D. Local Rule 3-13.

Thus, intervention is required to rectify the harm Home Depot's improper conduct has caused to Mr. Utne and the certified class of approximately 140,000 Home Depot employees, who have nearly two billion dollars ($2,000,000,000) in damages, penalties and interest, a significant portion of which is being threatened by Home Depot's wrongful conduct. *See* Setareh Decl., ¶ 36, Ex. 2.

### 2. The Certified Class in the Utne Action Has a Significant Protectable Interest Relating to the Subject of the Consolidated Actions and White Action

Mr. Utne represents a certified class of approximately 140,000 people who were employed by Home Depot in California from March 8, 2012, to the present,

with respect to claims valued at nearly two billion dollars ($2,000,000,000) for Home Depot's: (1) failure to pay hourly wages (Labor Code §§ 223, 510, 1194, 1197, 1997.1 and 1198), (2) failure to provide accurate written wage statements (Labor Code § 226(a)), (3) failure to timely pay all final wages (Labor Code § 203), (4) violation of the Unfair Competition laws (Business & Professions Code § 17200, *et seq.*), and (5) violation of the Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, *et seq.*. Doc. No. 56. Mr. Utne therefore possesses a "significantly protectable interest relating to the property or transaction that is the subject of the action." RJN, Exs. D & F; Setareh Decl., ¶ 36, Ex. 2; Fed. R. Civ. Proc. 24(a).

### 3. Disposition of the Consolidated Actions and the *White* Action Will Impair Mr. Utne's Ability to Protect the Interests of the Certified Class He Represents

As set forth in detail above, Mr. Utne currently represents a certified class of approximately 140,000 people who were employed by Home Depot in California from March 8, 2012, to the present, with respect to claims valued at nearly two billion dollars ($2,000,000,000). Setareh Decl., ¶ 36, Ex. 2. Many of these claims overlap the claims asserted by the various plaintiffs in the Consolidated Actions and the White Action. For example, the plaintiff in the *White* Action bases her claims in large part on lock-in time, which is one of the two factual predicates for the claims asserted by Mr. Utne in his lawsuit. RJN, Ex. I. And, the plaintiffs in all the cases are asserting claims for unpaid wages under various Labor Code sections, as well as derivative Labor Code sections 203 and 226 penalties. *Id.*; *see also* RJN, Ex. G. Because these other actions were filed after the *Utne* Action, ***the vast majority of the class members (or putative class members, as the case may be) in these other pending actions are also members of the certified class in the Utne Action***. *See* RJN, Ex. D. Thus, if Home Depot is permitted to settle out their claims in these other actions, it will likely wipe out their much more valuable claims in the *Utne* Action.

This is not just conjecture or speculation. This is Home Depot's plan. As set forth in detail above, when Mr. Utne's counsel learned of the existence of these other actions and Home Depot's affiliated wrongful conduct in seeking to keep these actions separate from one another, Mr. Utne's counsel reached out to Home Depot in an effort to resolve this issue without involving the Courts. Setareh Decl., ¶ 45, Ex. 3. In doing so, Mr. Utne's counsel asked Home Depot's counsel to agree that it would not settle out any of the claims pending on behalf of the certified class in the Utne Action at the upcoming mediation in the Consolidated Actions. *Id.*, ¶ 48, Ex. 6. Home Depot and its counsel refused. Setareh Decl., ¶ 49, Ex. 7. Thus, disposition of the Consolidated Actions and the White Actions will impair and impede Mr. Utne's ability to protect his interests and the interests of the class he represents in nearly $2,000,000,000 in damages, penalties and interest. *See id.*

### 4. The Interests of the Class in the Utne Action Will Not be Adequately Represented by the Existing Parties

In determining the adequacy of representation, the Ninth Circuit considers: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervener's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervener would offer any necessary elements to the proceeding that other parties would neglect. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986).

As set forth in detail in the concurrently filed declaration of Shaun Setareh, Mr. Utne and his counsel have spent over six years, thousands of attorney hours, and approximately three million dollars ($3,000,000) in out-of-pocket hard costs litigating their certified class claims against Home Depot. Setareh Decl., ¶¶ 2-39; Saltzman Decl., ¶ 2. They have overcome motions for summary judgment. *See id.* They have obtained and analyzed extensive time and pay records from Home Depot. *Id., ¶ 6.* They have hired a world-renowned expert to conduct a survey in an effort to compensate for Home Depot's knowing destruction of critical video evidence, which resulted in an adverse jury instruction sanction issued against Home Depot. *Id.* ¶¶ 31-

33; RJN, Ex. A, Doc. No. 160. There are currently two additional sanctions motions pending against Home Depot in the *Utne* Action, including motions to exclude Home Depot's key expert witness, and for terminating sanctions. RJN, Ex. A, Doc Nos. 240 & 244. And, their claims pre-date any of the claims raised in the Consolidated Actions or the White Action by at least three years, and therefore include extensive damages that simply are not available in these other actions. *See* RJN, Ex. C & G.

Thus, Mr. Utne respectfully submits that he is in a very different position than the plaintiffs in the Consolidated Actions and/or in the *White* Action in that he has numerous additional resources, information and leverage available to him that provide him with: (1) additional legal and factual arguments beyond what is available to the plaintiffs in the Consolidated Actions and/or the *White* Action, (2) different incentives and settlement ranges than counsel in these other actions, likely rendering them unwilling to advance certain arguments or positions that Mr. Utne and his counsel are prepared to advance, and (3) a considerable amount of leverage that does not exist in the other pending actions. *See also California*, 792 F.2d at 778. Under such circumstances, Mr. Utne should be permitted to intervene as a matter of right. *See* Fed. R. Civ. Proc. 24(a).

### B. Mr. Utne Should Also be Permitted to Intervene Under Rule 24 (b) on Behalf of the Certified Class He Represents

While intervention as of right is proper here, in the alternative the standards for permissive intervention under Fed. R. Civ. P. 24(b) are also met.

Pursuant to Rule 24 (b)(2) intervention is permissible by any person who "has a claim or defense that shares with the main action a common question of law or fact." Clearly that is true as to the *White* Action as the claims and factual predicates between the White Action and the Utne Action are nearly identical. Compare RJN, Exs. F & I. And Home Depot asserts that the *White* Action is a "copycat" of the Consolidated Actions. *White* Action, Doc. No. L, at 10:23-25 *("[t]he similarity of issues requirement is met because Plaintiff's copy-cat putative class action alleges*

17

*claims that substantially are identical to those asserted in the Barragan, Davey, Sandoval, and Flores Consolidated Actions*."); *see also* RJN, Ex. L, at 12:10-14 ("*…the White Action is substantially similar – and, in fact, almost entirely subsumed within – the Consolidated Actions currently pending in the Southern District. Because the claims in the Consolidated Actions overlap the claims in the White Action, the actions involve sufficiently similar issues to justify a stay.*").  Thus, the first requirement for permissive intervention – that Mr. Utne has a claim or defense that shares with the main action a common question of law or fact – is satisfied here.

Rule 24 (b) (3) also requires the Court to consider any potential prejudice. As discussed in detail above, intervention is required to prevent undue prejudice to Mr. Utne and the class he seeks to represent. *See* Section IV(A)(3), *supra.* Moreover, there is no prejudice as the *White* Action should have been transferred to the Northern District under the first to file rule, and likely would have been if Home Depot had identified *Utne* – the actual first filed case – as the first filed case.

### C. Mr. Utne's Counsel Should be Appointed as Interim Class Counsel for Any Claims that Overlap with the Utne Action

As set forth in detail above, on March 30, 2018, the Honorable Richard Seeborg certified two classes in the *Utne* Action: (1) ***"[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in California at any time since March 8, 2012,***" and (2) "[a]ll individuals employed by Home Depot in hourly-paid or non-exempt positions in Home Depot stores in California at any time since March 8, 2012, and who worked at least one shift ending after the time that the Home Depot store was scheduled to close to the public for the evening." RJN, Ex. D. ***The plaintiffs in the Consolidated Actions and the White Action are generally members of the class in the Utne Action, received notice of the Utne Action, and did not opt out.***[5] Setareh Decl., ¶¶ 21-22. Thus, counsel in the Utne Action already represent them with respect to the certified claims in the Utne Action. *See id.*

---

[5] There are two possible exceptions: (1) named plaintiff in the Barragan Action, Jeremy Burcham, may or may not be the same person as "Larry J. Burcham", who is a member of the *Utne* Class,

NOTICE OF MOTION AND MOTION TO INTERVENE

Home Depot and its counsel have nevertheless indicated that they intend on settling out some of the certified claims of class members in the Utne Action during the upcoming mediation of the Consolidated Actions. Setareh Decl., ¶ 49, Ex. 7. Thus, out of an abundance of caution, Mr. Utne's counsel seek to be appointed interim class counsel in the Consolidated Actions and in the White Action **with respect to only those non-certified claims and damages that overlap with the Utne Action, including but not limited to: (i) Labor Code § 203 damages and penalties, (ii) Labor Code § 226 damages and penalties, (iii) PAGA penalties, and (iv) relief under Business & Professions Code § 17200 et seq.** See Fed. R. Civ. P. 23(g)(3).

"Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion LLC*, 239 F.R.D. 681, 683 (C.D. Cal 2006). Granting Mr. Utne's counsel interim class counsel status would be consistent with the principle that "federal courts (should) apply principles of comity to each other's class certification decisions when addressing a common dispute." *Smith v. Bayer,* 131 S.Ct. 2368, 2382 (2011).

In making that determination the Court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1). *Dependable Component Supply Corp. v. Murata Manufacturing Co.*, Ltd., 2018 WL 3388548 *2 (N.D. Cal. 2018). Those factors are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the other types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the other resources that counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A).

---

and (2) there are three people named "Janelley" who received class notice in the Utne Action and did not opt out, but none have the last name "Sandoval. It is unclear whether Ms. Sandoval used a different last name (*e.g.* a maiden name) while working for Home Depot. Setareh Decl., ¶ 22.

19

A balancing of these factors weighs heavily in favor of appointing Mr. Utne's counsel as interim class counsel with respect to any claims asserted in the Consolidated Actions and/or the White Action that overlaps with the certified claims and/or damages sought in the Utne Action. First, Mr. Utne's counsel has done a tremendous amount of work in identifying and investigating the claims in the action. *See* Section II.A, *supra*. Second, Mr. Utne's counsel is very experienced in handling class actions and other complex litigation, as set forth in the concurrently filed attorney declarations. *See* Setareh Decl., ¶¶ 40-44; Saltzman Decl., ¶¶ 3-10. Third, Mr. Utne's counsel is extremely knowledgeable about the applicable law, as evidenced by their experience, as well as the successes they have obtained while litigating the Utne Action over the course of the past six years. *See id.*; *see also* Section II.A, *supra*. Finally, Mr. Utne's counsel has committed extensive resources to pursuing these claims, including thousands of attorney hours and nearly $3,000,000 in out-of-pocket hard costs. Setareh Decl., ¶¶ 2-39; Saltzman Decl., ¶ 2.

Under these circumstances, Mr. Utne and his counsel respectfully submit that they should be appointed interim class counsel in the Consolidated Actions and the White Action with respect to any claims or damages that overlap with those asserted in the Utne Action. *See* Fed. R. Civ. Proc. 23(g)(1)(A).

**D. The White Action and the Consolidated Actions Should be Stayed – Including for Purposes of Settlement – Pending Resolution of the Utne Action, or in the Alternative, Transferred to the Northern District of California**

As Home Depot argued in its Motion to Dismiss, Stay, or Transfer based on the First-to File Rule ("Motion to Dismiss"):

> "In the Ninth Circuit, the first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic*, Inc., 678 F.2d 93, 94- 95 (9th Cir. 1982). This well-established rule allows a district court to dismiss, stay, or transfer an action "when a

20

similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (staying later-filed case); *see also Pacesetter*, 678 F.2d at 97 (dismissing later-filed case); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013) (transferring action to the district court in which first-filed case was pending to promote judicial efficiency and avoid possible conflicting judgments, where both actions had overlapping claims and class periods, and "a significant portion of discovery in the actions will be duplicative"); *see also Flores v. Home Depot*, Case No. 21-cv-00461-AJB-AGS, Dkt. No. 15 (transferring later-filed cases against Home Depot); *Sandoval v. Home Depot*, Case No. 21-cv-00461-AJB-AGS. [].

**The underlying purposes of the first-to-file rule are to avoid duplicative litigation and promote judicial efficiency, which "should not be disregarded lightly."** *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Key Equip. Fin. v. Fed. Express Corp.*, No. CV 14-7534-GW-AGRx, 2014 WL 12966963 (C.D. Cal. Dec. 18, 2014); *Alltrade*, 946 F.2d at 925.

**To further these purposes, "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."** *Pacesetter*, 678 F.2d at 95. Accordingly, **"unless compelling circumstances justify departure from this rule," the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later filed action."** *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-50 (N.D. Cal. 1994).

Courts applying the first-to-file rule look to three threshold factors: (1) the chronology of the actions (i.e., which action was filed first); (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26. If all three factors are met, the district court can dismiss, stay, or transfer the later-filed action."

RJN, Ex. L, at 8:3-9:6 (emphasis added).

Here, all three factors strongly indicate that the Consolidated Actions and the White Action should be stayed (including for purposes of settlement) or transferred to the Northern District of California.

***First***, the Utne Action was clearly the first case filed:

/ / /

| *Case Name* | *Date Filed* |
|---|---|
| Utne Action | March 8, 2016 |
| Barragan Action | August 12, 2019 |
| Davey Action | June 9, 2020 |
| Sandoval Action | January 31, 2020 |
| Flores Action | June 23, 2020 |
| White Action | August 23, 2021 |

***Second***, the named Plaintiffs in the Consolidated Actions and the White Action are likely all members of the certified class in the Utne Action, and all six cases are against the same defendant (Home Depot). *See* Setareh Decl., ¶¶ 21-22.

***Third***, the Utne Action and the White Action deal with extremely similar issues, including overlapping claims asserted, factual grounds for those claims, and the damages sought. *Compare* RJN, Exs. F & I (both seek damages in connection with lock-in claims and rounding time claims for California employees).

And, according to Home Depot, the White Action and the Consolidated Actions involve the same issues:

> "The similarity of issues requirement is met because Plaintiff's copy-cat putative class action alleges claims that substantially are identical to those asserted in the Barragan, Davey, Sandoval, and Flores Consolidated Actions. Under the first-to-file rule, the issues in the actions need not be identical so long as the issues are substantially similar. [].
>
> Here, the Consolidated Actions and the White Action involve substantially similar claims. The Consolidated Actions involve allegations that Home Depot failed to pay minimum wage, failed to pay overtime, failed to provide meal and rest periods, failed to timely pay wages, and failed to provide accurate wage statements to non-exempt employees in California. Plaintiff here asserts these same claims. Allowing Plaintiff's action to proceed and adjudicating the same issues that are part of the four already pending Consolidated Actions would impede judicial efficiency and run a significant risk of conflicting judgments, two principles that run contrary to the first-to-file rule. Because Plaintiff's claims are subsumed in claims alleged in the Barragan, Davey,

22

Sandoval, and Flores Consolidated Actions, this action should be dismissed, stayed, or transferred under the first-to-file rule.

Thus, by the transitive properties, the Utne Action, the White Action, and the Consolidated Actions all involve "similar issues." *See id*.

**Fourth**, as Home Depot further noted in its Motion to Dismiss, equitable considerations can also inform a Court's decision as to whether to grant the relief requested. RJN, Ex. L, at 11:16-12:21. Here, the equities strongly favor staying and/or transferring the Consolidated Actions and the White Action to the Northern District of California. As set forth in detail above, Home Depot: (i) knowingly and intentionally violated the Local Rules of this Court by failing to file a Notice of Related Cases identifying the Utne Action, (ii) made material misrepresentations and/or omissions to this Court when it stated that Barragon was the first filed action without ever mentioning the Utne Action, (iii) violated the Local Rules for the Northern District of California when it failed to file a Notice of Pendency of Action in the Utne Action, which would have informed the Court and Mr. Utne's counsel of the existence of the Consolidated Actions and the White Action, (iv) acted in bad faith by scheduling a mediation with the plaintiffs in the Consolidated Actions in an effort to settle many of the claims raised in the Utne Action without notifying appointed class counsel in the Utne Action, and (v) when confronted with such information, refused to carve out the claims asserted in the Utne Action from the upcoming mediation. *See* Section II, *supra*. To the extent the Court is inclined to consider the equities, they weigh heavily in favor of granting the relief requested.

Thus, based on Home Depot's own arguments and logic, the White Action and the Consolidated Actions should be stayed - including for purposes of settlement – pending resolution of the Utne Action, or in the alternative, transferred to the Northern District of California.

### E. Practical Considerations Mandate the Relief Sought

Home Depot's specious efforts to keep the Utne Action isolated from the

Consolidated Actions/White Action has created quite the quagmire. There are countless procedural and substantive problems created by Home Depot's conduct.

For example, what happens if there is a verdict against Home Depot in the Utne Action following trial this summer, while at the same time, Home Depot seeks approval of a settlement of the same claims in the Consolidated Actions?

Or, what happens if Judge Seeborg grants Mr. Utne's pending Motion for Terminating Sanctions, and at the same time the plaintiffs in the Consolidated Actions seek Court approval of a settlement reached during mediation?

There is also a substantial question as to whether the certified claims in the Utne Action can even be settled by any other counsel in light of Judge Seeborg's order appointing Mr. Utne's counsel as class counsel for the claims asserted in the Utne Action, including, for example, the Labor Code section 203 and 226 claims for the approximately 140,000 class members in the Utne Action.

And, as to the Labor Code section 203 and 226 claims, if those claims are settled in the Consolidated Action– even if based on different facts – Home Depot will argue in the Utne Action that class members cannot receive multiple penalties, thus potentially depriving members of the certified class in the Utne Action hundreds of millions of dollars in damages and penalties. This is an unsettled legal issue, that would require resolution here if relief is not granted. *See Lao v. H&M Hennes & Mauritz, L.P.*, 2017 WL 4808814, at *4 (N.D. Cal. Oct. 25, 2017).

Further, Utne was filed in 2016, meaning that the limitations period goes back to 2012. The earliest filed Consolidated Action is Barragan, which was filed on August 12, 2019. The Barragan plaintiffs cannot represent any claims that arose prior to August 12, 2015, and any settlement in the Consolidated Actions which went back to 2012 would be highly suspect because it would be a settlement of claims that the plaintiffs simply have no ability to represent in the first place. This reasoning also applies to any derivative Labor Code section 203 and/or section 226 claims.

These are just a few of the many examples of the complex issues created by

NOTICE OF MOTION AND MOTION TO INTERVENE

Home Depot's improper conduct, thus further supporting the relief Mr. Utne seeks.

## V.    CONCLUSION

Judge Seeborg appointed Mr. Utne and his counsel as representatives of the approximately 140,000 people employed by Home Depot in California since 2012, who suffered damages as a result of Home Depot's alleged illegal employment practices. The pending Consolidated Actions and White Action pose a very real and continuing threat to their ability to adequately represent the class Judge Seeborg tasked them with representing. Mr. Utne therefore respectfully requests this Court grant this motion in its entirety.

Dated: April 13, 2022

**SETAREH LAW GROUP**
**MARLIN & SALTZMAN LLP**


By:  s/ Stanley  D. Saltzman

*Attorneys for Proposed Plaintiff-in-Intervention, John Utne, individually and on behalf of all others similarly situated and aggrieved*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2022, at Agoura Hills, California.

/s/ Stanley D. Saltzman_____

Stanley  D. Saltzman

# ATTACHMENT A

**to
Motion to Intervene**

**SETAREH LAW GROUP**
Shaun Setareh, Esq. (SBN 204514)
Thomas Segal, Esq. (SBN 222791)
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone: (310)888-7771
Facsimile: (310)888-0109
fhomas@setarehlaw.com
shaun@setarehlaw.com

**MARLIN & SALTZMAN**
Stanley D. Saltzman, Esq. (SBN 90058)
Karen I. Gold, Esq. (SBN 258360)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
kgold@marlinsaltzman.com

*Attorneys for Proposed Plaintiff-in-Internention, John Utne, individually and on behalf of all others similarly situated and aggrieved*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Case No. 19-cv-01766-AJB-AGS<br><br>DONNIE SANCHEZ BARRAGAN, ARACELI BARRAGAN, and JEREMEY BURCHAM, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation,<br><br>        Defendant;<br><br>JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved,<br><br>        Intervenor. | Related cases:<br>Case No. 19-cv-01766-AJB-AGS<br>Case No. 20-cv-02541-AJB-AGS<br>Case No. 21-cv-00461-AJB-AGS<br>Case No. 21-cv-00462-AJB-AGS<br>Case No. 22-cv-00276-AJB-AGS<br><br>Assigned to: Anthony J. Battaglia<br>Magistrate Judge: Andrew G. Schopler<br><br>**[PROPOSED] COMPLAINT-IN-INTERVENTION OF INTERVENOR JOHN UTNE** |

| | |
|---|---|
| Case No. 20-cv-02541-AJB-AGS<br><br>LISA DAVEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>   vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants;<br><br>JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved,<br><br>    Intervenor. | |
| Case No. 21-cv-00461-AJB-AGS<br><br>JANELLY SANDOVAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>   vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation and DOES 1 through 50, inclusive,<br>    Defendant;<br><br>JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved,<br><br>    Intervenor. | |

| | |
|---|---|
| Case No. 21-cv-00462-AJB-AGS<br><br>VIRGIE FLORES, as individuals and on behalf of others similarly situated<br><br>             Plaintiff,<br>       v.<br><br>HOME DEPOT U.S.A., INC., a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>            Defendants;<br><br>JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved,<br><br>            Intervenor. | |
| Case No. 22-cv-00276-AJB-AGS<br><br>NYIESHA WHITE, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br>       v.<br><br>HOME DEPOT U.S.A., INC., and DOES 1 to 100, inclusive,<br><br>            Defendants;<br><br>JOHN UTNE, individually and on behalf of all others similarly situated and aggrieved,<br><br>            Intervenor. | |

At the Court's discretion, Plaintiff-Intervenor JOHN UTNE ("Intervenor"), on behalf of himself and the Certified Classes in *Utne v. Home Depot U.S.A., Inc., et al.*, Case No. 3:16-cv-01854-RS, files this complaint and thereby intervenes in this action and alleges as follows:

1.      On March 8, 2016, John Utne filed a putative class action ("*Utne* Action") in the Superior Court of the State of California for the County of Alameda, Case No. RG16806847, asserting four causes of action against Defendant HOME DEPOT U.S.A., INC. ("Hone Depot") for (1) Failure to Pay Hourly Wages (Lab.Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1, and 1198), (2) Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)), (3) Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203), and (4) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*).

2.      The original Complaint in the *Utne* Action plead the following classes:

**Lockdown Class**: All hourly employees of Defendants in California who were required to wait off-the-clock while waiting to be released from Defendants' stores following the end of their shift during the Relevant Time Period.

**Wage Statement Penalties Class**: All Lockdown Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class**: All Lockdown Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

3.      On April 8, 2016, Home Depot removed the *Utne* Action to the United States District Court for the Northern District of California where it has been pending since then. The *Utne* Action currently has 233 docket entries.

4.      In or around May of 2017 Plaintiff's counsel in the *Utne* Action retained CPT Group to send a Belaire West notice to 5000 potential class members. Plaintiff's counsel in the *Utne* Action conducted comprehensive written discovery and also flew to Atlanta to depose Home Depot's Rule 30(b)(6) designees Christine Barnaby and Barbara Pennington on July 18, 2017.

5.      The operative complaint in the *Utne* Action, the Third Amended Complaint, was filed on or around September 19, 2017 and added a fifth cause of action for civil penalties pursuant the Private Attorneys General Act (Lab. Code §§ 2698, *et seq.*).

6.      On November 14, 2017 John Utne filed a motion for class certification. Plaintiff's counsel interviewed dozens of putative class members in the *Utne* Action and obtained 47 declarations in support of class certification. On January 9, 2018, Home Depot opposed the motion for class certification action, including submitting 69 declarations of Home Depot employees and managers regarding the issues raised in the motion. Utne filed a reply brief on February 8, 2018.

7.      On March 20, 2018, the *Utne* Court certified the following classes:

**Lock-In Class**

All individuals employed by Home Depot in hourly paid or non-exempt positions in Home Depot stores in California at any time since March 8, 2012, and who worked at least one shift ending after the time that the Home Depot store was scheduled to close to the public for the evening.

**Hourly Employee Class**

All individuals employed by Home Depot in hourly-paid or non-exempt positions in California since March 8, 2012.

*Utne* ECF No. 92 at 1.

8.      On April 13, 2018, Home Depot filed a Petition for Permission to Appeal the Class Certification Order in the *Utne* Action. On June 28, 2018 the Ninth Circuit denied Home Depot's Petition for Permission to Appeal.

9.      On July 12, 2018 John Utne filed a motion to approve class notice in the *Utne* Action. On July 26, 2018 Home Depot opposed the motion. On August 21, 2018 Judge Seeborg of the United States District Court for the Northern District of California granted the motion. On September 28, 2018, the class notice administrator in the *Utne* Action KCC mailed notice to 140,766 class members. Only 16 class members opted out in response to the class notice. **Plaintiffs Nyiesha White, Araceli Barragan, Donnie Sanchez Barragan, and Virgie Flores were mailed**

**class notice and did not opt out.** There also is a Larry J. Burcham on the class list who did not opt out, and who may be the same person as Plaintiff Jeremy Burcham.

10.    After class certification, Home Depot deposed 25 of the declarants in the *Utne* Action who submitted declarations in support of Utne's Class Certification Motion.

11.    On November 7, 2018, Utne filed a motion for partial summary judgment on behalf of the certified classes in the *Utne* Action. On December 13, 2018, Home Depot deposed John Utne. On March 28, 2019, Home Depot filed an Opposition to Utne's motion for partial summary judgment. Also on March 28, 2019, Home Depot filed a motion for partial summary judgment as to Plaintiff Utne and the certified classes in the *Utne* Action. On April 25, 2018 Utne filed an Opposition to Home Depot's motion for partial summary judgment.  On July 11, 2019, Judge Seeborg entered an Order denying the motions for partial summary judgment.

12.    On October 16, 2019, both Parties in the *Utne* Action submitted their initial expert reports with Home Depot submitting a report from expert Robert Crandall, and John Utne submitting reports from experts Dr. Jon Krosnick, James Toney and Gary White.

13.    The report of Dr. Jon Krosnick conveyed the results of a phone survey to determine the frequency and duration of the alleged off-the-clock work. Dr. Krosnick hired the national research firm SSRS to conduct the survey. Expert Toney used the results of the survey to calculate class-wide damages.

14.    The deadlines in the case including completion of expert discovery were extended multiple times in the *Utne* Action because of the Covid pandemic, other scheduling issues, and issues with the data provided by Home Depot. The issues with the data also caused Utne to incur hundreds of thousands of dollars in additional expert fees.

15.    On December 17, 2021, the Parties in the *Utne* Action submitted sur-rebuttal expert reports. Plaintiff's counsel in the *Utne* Action took the depositions of

Home Depot's experts, Timothy Trujillo on January 18, 2022, Stephen Smith on January 19, 2022, Dr. Edward Anderson on January 26, 2022, and Robert Crandall on February 4, 2022. Home Depot took the depositions of Utne's experts James Toney on January 20, 2022, Dr. Brian Kriegler on January 21, 2022, Gary White on January 20, 2022, and Dr. Jon Krosnick on February 2, 2022.

16.     On August 12, 2019 Plaintiffs DONNIE SANCHEZ BARRAGAN and ARACELI BARRAGAN filed a complaint against Home Depot in the Superior Court of California for the County of San Diego, Case No. 37-2019-00042161-CU-OE-CTL ("the instant Action" or the "*Barragan* Action"). On or around September 13, 2019, Home Depot removed the *Barragan* Action to this Court.

17.     On January 31, 2020 Plaintiff Janelly Sandoval filed the *Sandoval* Action against Home Depot and Home Depot removed the case to this Court on March 5, 2020.

18.     On June 9, 2020, Plaintiff Lisa Davey filed the *Davey* Action in state court, and Home Depot removed the case to federal court on October 16, 2020.

19.     On June 23, 2020 Plaintiff Virgie Flores filed the *Flores* Action in state court, and Home Depot removed the case to this Court on October 21, 2020.

20.     On March 26, 2021, Defendant Home Depot filed a Notice of Related Cases in the instant *Barragan* Action through Counsel for Defendant Akin Gump Strauss Hauer & Feld LLP, the same firm that previously represented Home Depot in the *Utne* Action. ECF # 50. Nowhere in Home Depot's Notice of Related Cases was the *Utne* Action mentioned, despite the existence of the overlapping Certified Classes in the *Utne* Action and Home Depot's obvious awareness of that Action.

21.     On August 23, 2021, Plaintiff Nyiesha White filed a putative class action in Los Angeles County Superior Court, and Home Depot removed the action to this Court on November 5, 2021. On January 19, 2022, Home Depot filed a Motion to Transfer the *White* Action citing the first to file rule and contending that the *Barragan* Action was the first filed action. Again, nowhere in Home Depot's

Motion was the *Utne* Action brought up, despite substantial overlap between the Certified Classes in the *Utne* Action and the classes Plaintiff White seeks to certify. The *White* Action raises claims for employees waiting off-the-clock post shift on closing shifts along with derivative penalties under Labor Code §§ 203 and 226, claims *directly at issue* in the *Utne* Action and for which John Utne's counsel were appointed as class counsel.

22.     Home Depot was acutely aware of the *Utne* Action. After litigating for years, Home Depot spent over one million dollars on expert Robert Crandall *alone* defending against John Utne's claims.

23.     Neither Plaintiffs nor Defendant in the instant Action have ever filed a Notice of Pendency of Other Actions or Proceedings or Notice of Related Cases pursuant to United States District Court Southern District of California Local Rule 40.1(f) which provides in pertinent part:

> Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to another pending action or proceeding on file in this or any other federal or State Court (whether pending, dismissed, or otherwise terminated), counsel must promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not likely to effect a saving of judicial effort and other economies. The Clerk will promptly notify the Court of such filing. This is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding.

24.     Intervenor John Utne only learned of the instant Action through research efforts exerted by Utne's Counsel. Intervenor has timely moved to intervene in this matter pursuant the standards laid out in *San Jose Mercury News, Inc., v. United States Dist. Court*, 187 F.3d 1096, 1101 (9thCir. 1999) ("In determining whether a motion for intervention is timely, a court must consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."). Any delay or prejudice to this matter in bringing this Motion is solely attributable to the fact that

Defendant failed to disclose the instant Action as having claims materially related to the *Utne* Action. Additionally, the instant proceeding is not so advanced that the present Intervention is untimely. The Plaintiffs in the instant Action have currently scheduled Private Mediation for May 10, 2022, ostensibly seeking to settle out overlapping claims in the *Utne* Action.

25.     Intervenor claims an interest in enforcing the Certified Classes rights and remedies under the California Labor Code and PAGA arising out of conduct that would be encompassed within the possible *Barragan* settlement and, thus, any delay is excusable. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (holding that a would-be intervenor's delay in joining the proceedings is excusable when the intervenor does not know or have reason to know that his interests might be adversely affected by the outcome of litigation) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915 (2004)).

26.     Any decision by this Court regarding the pending negotiations for a *Barragan* settlement, and specifically, the scope of its release, will have a significant impact on Intervenor and the *Utne* Action, including the putative classes he has been certified to represent and the aggrieved employees. Thus, in the event the Court were to maintain the status quo, and prevent Intervenor from participating in this action, his exclusion from participation would certainly prove to be detrimental, as Intervenor will be unable to protect their interests, especially in light of the substantial overlap in claims. Therefore, any issues the Court resolves in these proceedings cannot be resolved without the Intervenor's participation in this litigation, and the Court must permit Intervenor to intervene in these proceedings, for they are essential parties to this litigation.

27.     If this Court concludes that Intervenor is not entitled to intervene as a matter of right under Rule 24(a), this Court should nevertheless allow Intervenor to intervene permissively under Rule 24(b) because he meets the minimum criteria.

Settlement Classes defined in the instant litigation would be subsumed in the Certified Class definition in the previously filed *Utne* Action.

28.    Since any prejudice is solely attributable to Defendant's failure to disclose the materially related claims, Intervenor should be permitted to intervene in this matter. Defendant cannot demonstrate any prejudice because Defendant knew about the existence of the *Utne* Action for years. And yet, Defendant conspicuously failed to advise the Court that there was a related case.

WHEREFORE, Intervenor respectfully prays for relief as follows:

1. For intervention in this matter to protect the interests of the *John Utne* Action Proceeding on Behalf of the Certified Classes.

2. For an Order appointing his counsel as Interim Class Counsel for the overlapping claims.

3. For an Order either staying the overlapping claims, or transferring the above captioned cases to the Northern District of California.

4. For such further relief that the Court may deem just and proper.

Dated: April 13, 2022                  **SETAREH LAW GROUP**
                                       **MARLIN & SALTZMAN LLP**

                                       By: /s/ Shaun Setareh
                                       Shaun Setareh, Esq.
                                       *Attorneys for Proposed Plaintiff-in-Intervention,*
                                       *John Utne, individually and on behalf of all*
                                       *others similarly situated and aggrieved*