1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYIESHA WHITE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No.: 22-cv-00276-AJB-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PROPOSED INTERVENOR'S MOTION TO INTERVENE;**<br><br>**(2) GRANTING PROPOSED INTERVENOR'S MOTION TO TRANSFER AND/OR STAY; and**<br><br>**(3) DENYING AS MOOT PROPOSED INTERVENOR'S MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>**(Doc. No. 32)** |

Presently before the Court is nonparty John Utne's ("Utne") motions to intervene, for appointment of interim class counsel, and to transfer and/or stay action pending the outcome in *Utne v. Home Depot*, No. 3:16-CV-01854-RS, a matter presently before the Northern District of California. (Doc. No. 32). Defendant Home Depot U.S.A., Inc. ("Defendant") opposes the motions. (Doc. No. 37). Plaintiff Nyiesha White ("Plaintiff")

1

has not filed an opposition. The Court finds the matters suitable for decision on the papers and without oral argument, pursuant to Local Civil Rule 7.1.d.1. As set forth more fully below, the Court **GRANTS IN PART AND DENIES IN PART** Utne's motions.

I.  BACKGROUND

Utne, the named plaintiff in a separate class action lawsuit against Defendant, seeks to intervene in the instant action, appoint his counsel as interim lead counsel for the instant case and consolidated cases, and stay, or alternatively, transfer each of the actions to the Northern District of California. This motion was filed in the instant action and four consolidated putative class actions: *Barragan v. Home Depot U.S.A., Inc.*, No. 19-cv-01766-AJB-AGS; *Davey v. The Home Depot U.S.A., Inc.*, No. 3:10-cv-02541-AJB-AGS; *Sandoval v. Home Depot U.S.A. Inc.*, No. 3:21-cv-00461-AJB-AGS; and *Flores v. Home Depot U.S.A., Inc.*, No. 3:21-cv-00462-AJB-AGS, (collectively, the "Consolidated Cases"). All cases concern alleged wage and hour violations by Defendant Home Depot, Inc.

On August 23, 2021, Plaintiff filed the instant case in Los Angeles Superior Court. After removal to the United States District Court, Central District of California, the case was transferred to the Southern District of California and assigned to this Court.

The Complaint alleges causes of action for: (1) failure to pay minimum wage, (2) failure to pay overtime, (3) failure to provide meal breaks, (4) failure to provide uninterrupted rest periods, (5) failure to pay timely wages, (6) failure to provide and maintain accurate itemized wage statements, (7) failure to pay timely wages upon termination, and (8) violation of Business & Professions Code § 17200, et seq. (*See generally* Complaint ("Compl."), Doc. No. 1-1.) The Complaint seeks to certify seven classes: the Minimum Wage Class, Overtime Class, Meal Period Class, Rest Period Class, Pay Day Class, Wage Statement Class, and Waiting Time Class. (*See id.* ¶ 41.)

On April 13, 2022, Utne filed the instant Motion in Right to Intervene, for Appointment of Interim Class Counsel, and Transfer and/or Stay Action. (Doc. No. 32.) ///

## II. REQUESTS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, the court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Utne asks the Court to take judicial notice of fifteen exhibits in support of his motion to intervene: (1) the court's docket in *Utne v. Home Depot*, No. 3:16-CV-01854-RS; (2) the court's docket in the instant action; (3) the original complaint in the *Utne* action; (4) the class certification order in the *Utne* action; (5) the first amended complaint in the *Utne* action; (6) the third amended complaint in the *Utne* action; (7) the original complaint filed in *Barragan*; (8) the Notice of Related Cases filed by Defendant in *Barragan*; (9) the complaint filed in the instant action; (10) the October 6, 2021 Motion to Consolidate, filed by Defendant, in *Barragan*; (11) the Court's November 3, 2021 Consolidation Order in *Barragan*; (12) the motion to dismiss filed by the defendant in the instant action; (13) the Stipulation to Transfer and Vacate Hearing Date filed in the instant action; (14) the Joint Motion to Continue Class Certification Motion Deadline filed in *Barragan*; and (15) the court's March 28, 2022 Order filed in the *Utne* action. (Doc. No. 32-3 at 4–5.)

Additionally, in support of his Motion to Intervene, Utne supplementally requests judicial notice of seven exhibits: (1) the Administrative Motion to Consider Whether Cases Should Be Related, filed by the plaintiff, in *Henry v. Home Depot et al.*, Case No. 3:14-cv-04858; (2) the defendant's Opposition to Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related in the *Henry* action; (3) the court's April 25, 2016 Order Denying Motion to Relate Cases in the *Henry* action; (4) the court's April 25, 2016 Order Denying Motion to Relate Cases in the *Utne* action; (5) the September 8, 2016 Joint Case Management Statement filed by the parties in the *Utne* action; (6) the PAGA complaint filed in the instant action; and (7) the February 2, 2022 Stipulation to Transfer and Vacate Hearing Date, filed by the defendant, in the instant action. (Doc. No. 41-1 at 5.)

Neither Plaintiff nor Defendant oppose judicial notice of these documents. (*See*

3

*generally* Doc. No. 40.) However, the Court need not take judicial notice of its own docket or documents filed on the docket in this case. *Henricks v. Cal. Pub. Utils. Comm'n*, No. 17CV2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot Plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in this case). Because Exhibits B, I, L, M, U, and V are publicly filed on the docket, the Court **DENIES AS MOOT** Utne's request for judicial notice as to these exhibits. (Doc. Nos. 32-3, 41-1.)

As to the remaining exhibits, a "court may take judicial notice of court records in another case." *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). However, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents . . . are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court **GRANTS** Utne's request for judicial notice for the stated purpose that these documents exist.

### III.  DISCUSSION

Utne seeks to intervene in this matter as a named class representative pursuant to Rule 24(a) or, alternatively, Rule 24(b). (*See* Doc. No. 32.) Utne asserts that intervention under either provision is appropriate, as many class members in the instant case overlap with members of the certified class in the *Utne* Action, and any resolution in the instant action poses an "imminent and material threat" to the damages, penalties, and interest at issue in *Utne*.

#### A.  Rule 24(a) Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." There are four requirements for intervention as of right:

(1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect the interest; and (4) the movant's interest is not adequately represented by existing parties. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). The party seeking to intervene bears the burden of showing that all of the requirements for intervention are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Failure to satisfy even one of these elements prohibits the applicant from intervening as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In deciding a motion to intervene, courts need not take as true allegations that are a sham or frivolous. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 1. Timeliness

First, Utne's motion for intervention must be timely. Fed. R. Civ. P. 24(a). When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to existing parties; and (3) the length of, and reason for, any delay. *League of United Latin Am. Citizens*, 131 F.3d at 1308 (citing *Orange Cty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986)).

Here, timeliness is not at issue. Utne filed his motion to intervene roughly eight months after Plaintiff filed her Complaint, Plaintiff has not yet filed her motion for class certification, discovery has not yet begun, and a scheduling order establishing a trial date has not been entered. *Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054, at *7 (E.D. Cal. July 29, 2013). Utne's motion is timely.

### 2. Significantly Protectable Interest

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). A prospective intervenor must demonstrate a significantly protectable interest in the lawsuit to merit intervention. *Nw. Forest Res. Council*, 82 F.3d at 837. "To demonstrate this interest, a prospective intervenor must establish that (1) the interest asserted is

protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id.* (internal quotation marks and alteration omitted). The interest must be "direct, non-contingent, substantial and legally protectable . . . ." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981). Moreover, "[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) (citing *Montana v. U.S. Env't Prot. Agency*, 137 F.3d 1135, 1141–42 (9th Cir. 1998)).

Utne asserts he has a significant, protectable interest because the instant action asserts a number of the same California Labor Code violations and relief sought in the *Utne* action. (Doc. No. 32 at 25.) Utne contends he represents a certified class of approximately 140,000 current and former employees of Home Depot in California, from March 8, 2012 to the present, with respect to claims valued at nearly $2 billion. (*Id.*) He further argues he has an interest in the instant action because the vast majority of putative class members are also members of the certified class in *Utne*, and that "disposition of [these actions] will impair and impede Mr. Utne's ability to protect his interests and the interests of the class he represents in nearly $2,000,000,000 in damages, penalties and interest." (*Id.* at 25–26.)

Defendant opposes Utne's motion to intervene, asserting none of the substantive claims at issue here overlap with the substantive issues in *Utne*. (Doc. No. 40 at 17–18.)

Here, in light of the fact that the Third Amended Complaint in *Utne* and the Complaint here bring similar causes of action, involve similar classes of people, and seek similar relief, the Court finds Utne has sufficient legal interest in this action. (*See* Doc. No. 32-3 at 121–39.) *See Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2011 WL 37970, at *2 (E.D. Mich. Jan. 5, 2011) (finding "no dispute" that proposed interveners, certified classes in a similar action in another state, possessed interest in settlement of nationwide claims).

### 3. Impairment of Putative Intervenor's Interest

Defendant next contends that even if Utne has a protectable interest in the action, this would not grant Utne the right to intervene because he may object to any settlement during the hearings on motions for preliminary or final approval, or may opt out of the

class and pursue his claims separately. (Doc. No. 40 at 18.)

While Utne has a protectable interest in this case, his interests will not be impaired absent intervention. As other courts have explained, "courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative intervenors' ability to protect their interests by less disruptive means." *Zepeda v. PayPal, Inc.*, Case No. 10-cv-02500-SBA (JCS), 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014). For example, putative intervenors may "opt[] out of the settlement class or participat[e] in the fairness hearing process." *Id.*; s*ee also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (denying putative intervenor's motion because the putative intervenor could "opt out of the Settlement and litigate his claims independently, or he may instead object to it"), *aff'd*, 894 F.3d 1030 (9th Cir. 2018); *Hofstetter v. Chase Home Fin., LLC*, No. C 10-01313 WHA, 2011 WL 5415073, at 2–3 (N.D. Cal. Nov. 8, 2011) (holding the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).

The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may "largely be addressed through the normal objection process." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (explaining the "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").

The circumstances here are no different. Utne may raise any concerns as an objector if the parties reach settlement. Before the Court will approve the settlement, the Court must conclude that the settlement is "fair, reasonable, and adequate" and that Plaintiff and class counsel "have adequately represented the class." Fed. R. Civ. P. 23(e)(2). Thus, because Utne cannot show that his interests will be impaired absent intervention, he may not intervene under Rule 24(a). *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.").

### 4.     Adequacy of Representation

In determining whether an applicant's interest would be represented adequately by a present party, a court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council*, 82 F.3d at 838 (citing *California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

Here, Utne fails to assert how counsel for Plaintiff is inadequate. Rather, Utne contends "he has numerous additional resources, information and leverage available to him . . . ." (Doc. No. 111 at 27.) Utne primarily relies upon the posture in *Utne*, stating:

> Utne and his counsel have spent over six years, thousands of attorney hours, and approximately three million dollars . . . litigating their certified class claims against Home Depot. They have overcome motions for summary judgment. They have obtained and analyzed extensive time and pay records from Home Depot. . . . And, their claims pre-date any of the claims raised in the Consolidated Actions or the White Action by at least three years, and therefore include extensive damages that simply are not available in these other actions.

(*Id.* at 26–27.) However, this argument does not establish the necessary inadequate representation element required by Rule 24(a).

Accordingly, Utne's motion to intervene under Rule 24(a) is **DENIED**.

### B.     Rule 24(b) Permissive Intervention

Rule 24(b)(1)(B) provides: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court must also consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In other words, in the Ninth Circuit, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main

action, have a question of law or a question of fact in common." *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Nw. Forest Res. Council*, 82 F.3d at 839). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly*, 159 F.3d at 412).

Utne alternatively seeks permissive intervention pursuant to Rule 24(b), contending the three prongs for such intervention are clearly met. Defendant opposes permissive intervention. (Doc. No. 40 at 20.) In Defendant's opposition, it contends Utne shares no common questions of law or fact with the instant action, and that intervention will only unduly delay and unfairly prejudice the existing parties. (*Id.*) To this latter point, the Court agrees.

This Court finds permissive intervention is not warranted here because Utne's interests are already adequately represented through the class action settlement process. In addition, this Court finds that allowing permissive intervention would not significantly add to the full development of the underlying factual issues in this case nor the equitable adjudication of the legal questions involved but, instead, would significantly delay the proceedings and prejudice the rights of the original parties here. Therefore, this Court declines to allow permissive intervention pursuant to Rule 24(b).

### C.   Motion to Transfer and/or Stay Case Pursuant to First-to-File Rule

Federal district courts generally attempt to avoid duplicative litigation and inconsistent judgments. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). One mechanism to prevent duplicative litigation is the "first-to-file" rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Under the first-to-file rule, where the same issues are presented in separate lawsuits in front of different district courts, the court that acquires jurisdiction first generally tries the lawsuit before the second court. *Id.* While a strong policy against redundant lawsuits exists, courts do not apply the first-to-file rule mechanically. *Id.* Instead, they must exercise discretion to determine how best to conserve judicial resources and comprehensively dispose of

litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952).

Courts must consider three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 623, 625–26 (9th Cir. 1991). Exceptions to the first-to-file rule can be made in cases of bad faith, anticipatory suit, forum shopping, or where the balance of convenience favors the later-filed action. *Id.* at 627–28. Ultimately, however, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Id.* at 627 (quoting *Kerotest*, 342 U.S. at 183–84) (internal quotation marks omitted).

To begin, it is undisputed that the *Utne* action was filed first. Thus, the Court focuses its analysis on whether there is substantial similarity of the parties and issues between the two actions to warrant application of the rule. Defendant states White's counsel has agreed to stay any overlapping claims. (Doc. No. 40 at 22.)

### 1. Similarity of Parties

Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties. "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008). "In a class action, the similarity of the classes, and not the class representatives, is assessed." *Manier v. L'Oreal USA, Inc*, Case No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017) (citation omitted).

Here, Home Depot is the defendant in both actions. (*Compare* Compl. ¶ 6, *with Utne* TAC ¶ 6). Moreover, the purported class here is substantially similar in that both classes seek to represent at least some of the same individuals. Accordingly, the Court finds the parties are substantially similar under the first-to-file rule. *See Manier*, 2017 WL 59066, at *3 ("Where the proposed classes in both actions overlap, courts have held that the parties

are substantially similar." (citation omitted)); *see also Mehr v. Capital One Bank USA N.A.*, No. CV 18-1576 JVS (ADSx), 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019) ("[T]he similar parties requirement is satisfied even if the second-filed suit is narrower than the first-filed suit." (citation omitted)).

### 2. Similarity of the Issues

Like the similarity of parties prong, the issues in the two actions need not be identical for the first-to-file rule to apply. *Inherent.com v. Martindale-Hubble*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). "The sameness inquiry focuses on the facts and issues raised in the actions, not on the specific claims pled." *Mehr*, 2019 WL 2428768, at *4 (alteration and citation omitted). When analyzing whether issues are substantially similar, a court considers if the common facts, taken together, would lead to the same central question between the cases. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010); *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648–49 (N.D. Cal. 1994) (applying the first-to-file rule in a case where there is a common central question). Even if a plaintiff presents alternative theories compared to another pending action, it does not necessarily prevent the application of the first-to-file rule because common facts may give rise to a central issue between the cases. *Adoma*, 711 F. Supp. 2d at 1149.

Here, *Utne* and the instant action share substantial overlap because they share strikingly similar factual allegations regarding Defendant's alleged pattern and practice of store lockdowns, or requiring the plaintiffs to wait off-the-clock to be released from Defendant's stores following the end of their shift. (*Compare* Compl. ¶ 15(b) *with Utne* TAC ¶ 34.) Additionally, *Utne* involves an employer-employee relationship where the employer allegedly failed to pay wages under several California Labor Code Provisions. The instant case involves a similar employer-employee relationship and shares underlying violations.

Thus, this factor militates in favor of granting a stay.

Given that all three factors weigh in favor of a stay, the First-to-File rule applies. In addition to the factors contemplated herein, the Court is also mindful of limited judicial

resources, as well as the potential for inconsistent adjudication, which also weigh in favor of a stay. "Efficiency is lost, and judicial resources are wasted" where multiple actions, comprised of substantially similar claims and parties, continue simultaneously. *See Treasure Garden, Inc. v. Red Star Traders, LLC*, No. CV 12-0857, 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013).

## IV. CONCLUSION

For the foregoing reasons, Utne's Motion to Intervene is **DENIED** without prejudice, as Utne has not demonstrated he is entitled to intervene of right or that permissive intervention is warranted at this time. Utne's Motion for Appointment of Interim Class Counsel is **DENIED AS MOOT**. Utne's Motion to Stay is **GRANTED**. It is hereby ordered:

1. That this matter is stayed, in its entirety, pending the conclusion of *Utne v. Home Depot*, No. 3:16-CV-01854-RS.
2. That all pending hearings are ordered off calendar until further order by the Court.
3. That the parties must notify the Court within 14 days of the conclusion of said proceedings.
4. That the parties must file a joint status report on or before October 7, 2022, and every ninety days thereafter.

**IT IS SO ORDERED.**

Dated: July 6, 2022

Hon. Anthony J. Battaglia
United States District Judge